UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 13 |
| | § | |
| ALAA EID YOUSEF | § | Case No. 17-32597 (KKB) |
| | § | |
| DEBTOR | § | Hearing: July 25, 2017 at 9:30am |

## TEXAS COMPTROLLER OF PUBLIC ACCOUNTS' OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

The Comptroller of Public Accounts of the State of Texas ("Comptroller"), through the Texas Attorney General's Office, objects to confirmation of Debtor's Chapter 13 Plan ("Plan")[Docket No. 17], and would show:

1. The Plan does not comply with the applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code") as mandated by § 1325(a)(1).

2. The Comptroller timely filed a claim for sales tax liability accrued pre-petition in the amount of $114,911.59 ("Comptroller's Claim")[Claim No. 7]. The Comptroller's Claim is asserted as unsecured with $71,760.31 entitled to priority under § 507(a)(8)(C) of the Bankruptcy Code. The priority portion of the Comptroller's Claim must be treated in accordance with § 1322(a)(2) of the Bankruptcy Code.

3. The Comptroller's Claim includes liability for an audit of Post Oak Collision Center, Inc. for the October 2011 through December 2015 tax periods. Debtor, as 100% shareholder of the corporation, was assessed as a responsible individual under § 111.0611 of the Texas Tax Code. The audit liability and personal assessment were not contested and thus became final prior to the bankruptcy. In addition, the claim includes return-based liability for the 3rd quarter 2015 tax periods.

4.	The Comptroller objects because the Plan makes no provision whatsoever for Debtor's liability to the Comptroller. Section 1322(a)(2) of the Bankruptcy Code requires the Plan provide for full payment of § 507 priority claims unless the holder of the claim agrees to different treatment. Comptroller does not agree to treatment other than in compliance with § 1322(a)(2). Because the Plan does not comply with this mandatory provision of the Bankruptcy Code, confirmation should be denied.

Wherefore, the Comptroller requests that confirmation of the Plan be denied. The Comptroller requests such other relief to which it is entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Kimberly A. Walsh*
KIMBERLY A. WALSH
State Bar No. 24039230
Southern District of Texas Bar No. 36315
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4863
Facsimile: (512) 936-1409
kimberly.walsh@oag.texas.gov
ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS

**CERTIFICATE OF SERVICE**

  I certify that on July 17, 2017, a true copy of the foregoing was served by the method and to the following parties as indicated:

By First Class Mail:

Alaa Eid Yousef
6410 Bow Trail St.
Houston, TX 77084

By Electronic Means as listed on the Court's ECF Noticing System:

- Paul Wilfred Cervenka paul.cervenka@buckleymadole.com
- Eloise A Guzman eloiseguzman@gmail.com, guzmaneloise@gmail.com,ecf@mpatellaw.com
- William E. Heitkamp heitkamp@ch13hou.com
- Robert Verne North bankruptcy@thenorthlaw.com
- US Trustee USTPRegion07.HU.ECF@USDOJ.GOV

        */s/ Kimberly A. Walsh*
        KIMBERLY A. WALSH

3